**FILED**

February 06, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ MGR

DEPUTY

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Jose Gregorio Castro Alonzo, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-cv-1482 |
| | § | |
| University of Texas Health Science Center at San Antonio and University of Texas System, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

TO THE HONORABLE JUDGE DAVID ALAN EZRA:

Plaintiff, Jose Gregorio Alonso Castro, ("Plaintiff", or "Mr. Castro") files this Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In support thereof, Plaintiff would show the Court as follows:

**Factual Basis**

Plaintiff was an anesthesiology resident at UTHSCSA who was dismissed in February 2025 following unlawful discrimination and retaliation for voicing concerns regarding the admittance of Hispanic students to the residency program. Following successfully completing a performance improvement plan proscribed by instructors, Plaintiff has resumed his normal course of study during his residency. Plaintiff asserts that he was subjected to a campaign of

harassment from the faculty of UTHSCSA while he was in attendance due to his protected expression of the lack of Hispanic residents in the program. During his residicney, and following a negative evaluation following a procedure performed while his supervising doctor, one of the Defendants and perpetrators of the harassment suffered by Plaintiff, Plaintiff was assigned and completed performance improvement plan while on academic probation and received a letter of good standing from the Defendant on. January 17, 2025, two weeks before the Defendant dismissed Plaintiff from his residency program without providing complete paperwork nor a legitimate forum or opportunity to dispute his dismissal. Following a continuing series of discriminatory behavior by the Defendant UTHSCSA made the decision to dismiss Plaintiff from the residency program. Now, Plaintiff sues and asks this Court to enforce Title VII of the Civil Rights Act of 1964 provisions and rule against Plaintiffs Motion to Dismiss Under. Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and allow Plaintiffs suit to continue.

## Legal Standard

**Rule 12(b)(6).** A complaint survives dismissal if it states a claim that is plausible on its face. The Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor. *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678–79. No heightened pleading standard applies to discrimination claims. *Swierkiewicz*, 534 U.S. at 512–15.

**42 USC §2000d. Prohibition against exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on ground of race, color, or national origin**

No person in the United States shall, on the ground of race, color, or national

origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

### 42 USC §2000e–2. Unlawful employment practices (d) Training programs

It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

### 42 §2000d–7. Civil rights remedies equalization (a) General provision

(1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. (2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

**ADA Title II and § 504.** Title II prohibits exclusion of qualified individuals with disabilities from public programs "by reason of" disability. 42 U.S.C. § 12132.

Section 504 similarly bars exclusion from federally funded programs "solely by reason of" disability. 29 U.S.C.§ 794(a). Plaintiff must allege (1) disability, (2) qualification, (3) exclusion, and (4) causation. *Novak v. Board of Trustees of Southern Illinois University,* 777 F.3d at 974–75; *A.H.*, 881 F.3d at 592–93.

**Retaliation.** Protected activity includes grievances and complaints about disability discrimination. Plaintiff must allege protected activity, adverse action, and causal connection. *Novak*, 777 F.3d at 983–84; *A.H.*, 881 F.3d at 593–94.

**Academic Deference.** Courts defer to academic judgments only when consistent with procedures and accepted norms. Deference is not warranted where institutions ignore procedures or substantially depart from standards. *Regents of the University of Michigan v. Ewing*, 474 U.S. at 225; *Khan v. Midwestern University,* 879 F.3d at 843–44.

<u>**Argument in Opposition to Defendant's Motion to Dismiss**</u>

**Count I and II**
**Plaintiff's Title VI and VII Claims**

Defendant's argument that Plaintiff's claim fails due to his failure to establish that all conditions precedent have not occurred fails due to the Plaintiff's completion of the required EEOC filing.  Plaintiff has completed the necessary filing with the EEOC Complaint number 451-2026-00765 *Charge of Discrimination Form 5 (6/24) Agency Charge No. 451-2026-00765* (**Exb. 1**). If a plaintiff files a charge with the EEOC, the scope of a subsequent judicial complaint is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Here, plaintiff's complaint with the EEOC encompasses the facts laid in plaintiff's complaint of discrimination due to membership of a protected class and retaliation following plaintiff's

protected expression of UTHSCSA admission policies excluding a representative number of Hispanic residents.

The plaintiff also has made a valid claim for relief under the Retaliation clause of 42 USC 2000e. For Title VII retaliation claims, "the initial burden rests with the employee to produce evidence: (1) that he participated in an activity protected by Title VII, (2) that his employer took an adverse employment action against him, and (3) that there is a causal connection between the adverse employment action and the protected activity." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017). Plaintiff is a member of a. protected class through his national origin and identiy as Hispanic and participated in the protected activity of speech through voicing concerns regarding Hispanic admission disparities in the program. His employer's decision to dismiss him from the residency is an adverse action. Dr. Bent and Dr. Manohar being present at the forum where the protected speech was made. Dr. Manohar was directly involved in Plaintiff's dismissal.

Plaintiff repeats his request to enjoin UTHSCSA from: "releasing, disseminating, or otherwise publicizing any school records, disciplinary records, or information regarding Plaintiff's dismissal [] pending resolution of the underlying litigation." Dkt. 3 ¶157. He claims that the release of these records "will cause irreparable harm by permanently tarnishing Plaintiff's reputation and undermining his future academic and professional pursuits." Dkt. 3 ¶158.

A plaintiff's standing to pursue injunctive relief that is calculated to redress a future injury depends on whether that future injury is imminent, as opposed to merely conjectural. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010). Plaintiff has applied for multiple anestiesology residency programs (**Exhibit P-2**) at this time and seeks injuctive relief for harm that is not merely conjectural but present.

### Count III
### Plaintiff's ADA Claim

Plaintiff concedes Defendant's argument that his claim for relief under Title I and Title II of the ADA fail due to sovereign immunity.

### Count IV
### Due Process Violations under the Texas Constitution

Defendant has not asserted a claim for this count in their Motion to Dismiss. Plaintiff believes the facts in the complaint are substantial and compelling to show cause that his due process rights we violated by the Defendant in violation of the the Texas Constitution's due process clause, Article I, Section 19 of the Texas Constitution provides that: *"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by due course of the law of the land."*

### Count V and Count VI
### Breach of Contract

Plaintiff concedes Defendant's argument that his claim for relief under an alleged breach of contract between UTHSCSA and the Plaintiff is barred due to sovereign immunity asserted the State of Texas.

### Count VII and VIII
### IIED and Negligence

Plaintiff concedes Defendant's argument that his claim for relief under an Intentional Infliction of Emotional Damage and Negligence by UTHSCSA is barred due to sovereign

immunity asserted the State of Texas since it is expressly disallowed by the Texas Tort Claims Act.

Dated

**<u>Prayer</u>**

For the foregoing reasons, Plaintiff respectfully requests the Court deny defendant's

Motion to Dismiss and allow Plaintiff's valid claims to be heard.

Dated: February 6, 2026

Respectfully Submitted,

*/s/ Jose Castro*

_____

JOSE CASTRO
Plaintiff
9215 Oxted
San Antonio, Texas 78254
United States
ccjoeyc@gmail.com
210-617-0887

## CERTIFICATE OF SERVICE

I certify that that on February 6, 2026, this document was filed electronically via the Court's CM/ECF system, and causing electronic service upon all counsel of record and a copy has been sent contemporaneously via certified mail.

SHEAFFER K. FENNESSEY

Assistant Attorney General

Texas State Bar No. 24109859

Shea.Fennessey@oag.texas.gov

Office of the Attorney General

General Litigation Division

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

(512) 979-5738 | Fax: (512) 320-0667

*/s/ Jose Castro*

_____

Plaintiff

**Exhibit P-1**

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 451-2026-00765 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Dr. Jose G. Castro

Alonzo Phone No.:210-617-0887

Year of Birth:1996

Mailing Address: 9215

Oxted SAN ANTONIO,

TX 78254

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: UNIVERSITY OF TEXAS, HEALTH SCIENCE CENTER SAN ANTONIO

No. Employees, Members: 501+

Employees Phone No.:

Mailing Address: 7703 FLOYD CURL DR DEPARTMENT OF MEDICINE SAN ANTONIO, TX 78229, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, National Origin, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest:

03/18/2024

Latest:

02/06/2025

THE PARTICULARS ARE:

I.    PERSONAL HARM:

On March 18, 2022, I was hired as a Resident Physician by the Committee of the Department of Anesthesiology. I was subject to harassment and adverse terms and conditions by Dr. Crystal Manohar (non-Hispanic), Program Director, from July 13, 2023, through February 6, 2025. In early April 2024, I expressed my disappointment in an open forum attended by several residents and attendings regarding the number of Hispanic residents admitted to the program. On April 18, 2024, I was issued a negative evaluation from Dr. Bent. On April 20, 2025, I requested a meeting with Dr. Manohar and Dr. Martin Littlejohn (non-Hispanic), Associate Program Director, to discuss my evaluation. On April 22, 2024, I was told by Dr. Manohar and Dr. Littlejohn that I was behind my milestones. On May 9, 2024, I complained to the Clinical Competency Committee (CCC) about my negative evaluation. On May 13, 2024, I was placed on a 3-month probation, and my training got extended by 6 months. On May 18, 2024, I appealed the decision to the CCC. On June 3, 2025, I was informed that my appeal had been denied. On August 13, 2024, I completed my probation period. On October 1, 2024, I received a negative evaluation from Dr. Timothy Moody (non-Hispanic), an attending anesthesiologist. On January 8, 2025, the Accreditation Council for Graduate Medical Education (ACGME) started an investigation into the anesthesiology program. On the same day, I raised concerns about harassment, racial bias, lack of diversity, and a hostile learning environment to the ACGME. On January 17, 2025, I received a letter of good standing from the CCC. On January 24, 2025, I received a negative evaluation from Dr. Amanda Shakal (non-Hispanic),

Attending Anesthesiologist. On February 6, 2025, I was dismissed from the program by Dr. Manohar, Dr. Daniel Stypula (non-Hispanic), Physician and Leadership Role, Dr. Littlejohn, and Ms. Javette Dukes (non-Hispanic), Program Coordinator. On February 7, 2025, I appealed the decision and requested my program documents from the CCC. On February 18, 2025, I received my documents, but the documents from January 13 and January 20 were missing. On April 2, 2025, the CCC denied my appeal.

II.    RESPONDENT'S REASON(S) FOR ADVERSE ACTION(S):

I was given no reason for the harassment and the adverse terms and conditions imposed by Dr. Manohar from July 13, 2023, to February 6, 2025. In early April 2024, I was told by Dr. Manohar. On April 18, 2024, I was told by Dr. Manohar that Dr. Bent informed her that if she did not intervene with the patient, the patient would have had a serious problem, and that I had a learning disability and should be removed from the program. On April 22, 2024, I was told by Dr. Michael Newman (non-Hispanic), Attending Anesthesiologist, "Our program should not lower its standards to admit more Hispanic residents." "Top Hispanic medical students are simply choosing not to attend our program anymore." "It would be naive to believe a viral Reddit post would have much sway in whether medical students would choose our program or not." On April 22, 2024, Dr. Manohar and Dr. Littlejohn told me that I was behind my milestones.  On May 13, 2024, I was placed on probation due to my negative evaluations. On June 3, 2024, I was told that the CCC agreed with Dr. Manohar's decision. On October 1, 2024, Dr. Moody told me he was disappointed because I was unable to handle the situation on my own. On January 8, 2025, the investigation was due to poor performance. On January 24, 2025, Dr. Shakal told me I didn't communicate the extubation process. On February 6, 2025, I was told by Dr. Manohar that I was dismissed from the program for failing to meet the program's expectations and ACGME milestones. On February 18, 2024, I was given no explanation for why I didn't receive all the requested documents.

III.    DISCRIMINATION STATEMENT:

I believe I have been discriminated against and retaliated against due to my National Origin (Mexican) in violation of Title VII of the Civil Rights Act of 1964, as amended, and because I am being regarded as disabled as defined by the Americans with Disabilities Act of 1990 (ADA), as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_____

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

**CP ENCLOSURE WITH EEOC FORM 5 (06/24)**

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be

   reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit

concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**Exhibit P-2**

# Invoice - 5058000187739

Please allow up to 5 business days from the date payment was received for processing

| Personal Details | |
| --- | --- |
| **Name:** | Castro Alonzo, Jose Gregorio |
| **AAMC ID:** | 14245782 |
| **Invoice Date:** | 09/19/2025 01:26 AM ET |
| **Season:** | 2026 - Residency |
| **Address:** | 9215 Oxted<br>San Antonio, TX - 78254, USA |
| **Phone:** | +1 (210) 617-0887 |
| **School:** | Frank H. Netter MD School of Medicine at Quinnipiac University |

| Totals | |
| --- | --- |
| **Total Program Application Fee:** | $930.00 |
| **USMLE Transcript Fee:** | $0.00 |
| **Total Before Tax:** | $930.00 |
| **Tax:** | $61.38 |
| **Total Amount:** | $991.38 |
| **Payment Method:** | Visa |

| Specialty | Number of Programs |
| --- | --- |
| Anesthesiology | 50 |
| **Total:** | 50 |

| Program | Specialty | Signaled? | Accreditation ID |
| --- | --- | --- | --- |
| University of Arkansas for Medical Sciences Program | Anesthesiology | No | 0400421013 |
| HCA Healthcare/Los Robles Regional Medical Center Program | Anesthesiology | No | 0400500001 |

| Program | Specialty Accreditation | Signaled? | ID |
|---|---|---|---|
| Riverside Community Hospital Program | Anesthesiology | No | 0400500031 |
| HCA HealthONE Program | Anesthesiology | Silver | 0400700001 |
| Quinnipiac University Frank H. Netter MD School of Medicine Program | Anesthesiology | Gold | 0400800001 |
| Yale-New Haven Medical Center Program | Anesthesiology | No | 0400821030 |
| HCA Healthcare: East Florida Division GME Program | Anesthesiology | Silver | 0401100001 |
| HCA Florida Healthcare/USF Morsani College of Medicine GME-Tampa North/Oak Hill Hospital Program | Anesthesiology | No | 0401100007 |
| Mount Sinai Medical Center of Florida, Inc Program | Anesthesiology | No | 0401100205 |
| Kendall Regional Medical Center Program | Anesthesiology | Silver | 0401100206 |
| University of Central Florida/HCA GME Consortium Program | Anesthesiology | No | 0401100212 |
| University of Florida Program | Anesthesiology | No | 0401121035 |
| University of Illinois College of Medicine at Chicago Program | Anesthesiology | No | 0401611041 |
| John H Stroger Hospital of Cook County Program | Anesthesiology | No | 0401612039 |
| Advocate Health Care (Advocate Illinois Masonic Medical Center) Program | Anesthesiology | No | 0401621040 |
| Ascension St Vincent Hospital Indianapolis Program | Anesthesiology | No | 0401700001 |
| Indiana University School of Medicine Program | Anesthesiology | Gold | 0401721048 |
| University of Kansas School of Medicine Program | Anesthesiology | No | 0401911050 |
| Tulane University Program | Anesthesiology | No | 0402131168 |
| TidalHealth Program | Anesthesiology | No | 0402300001 |
| UMMS-Baystate Program | Anesthesiology | Silver | 0402412069 |
| St Elizabeth's Medical Center Program | Anesthesiology | No | 0402421067 |
| Wayne State University School of Medicine Program | Anesthesiology | Silver | 0402500206 |

| Program | Specialty Accreditation | Signaled? | ID |
|---|---|---|---|
| McLaren Health Care/Greater Lansing/MSU Program | Anesthesiology | No | 0402500208 |
| Sunrise Health GME Consortium Program | Anesthesiology | Gold | 0403100001 |
| Rutgers New Jersey Medical School Program | Anesthesiology | No | 0403321087 |
| Zucker School of Medicine at Hofstra/Northwell at South Shore University Hospital Program | Anesthesiology | No | 0403500001 |
| Zucker School of Medicine at Hofstra/Northwell/Staten Island University Hospital Program | Anesthesiology | No | 0403500003 |
| Health Quest Program | Anesthesiology | No | 0403500183 |
| Maimonides Medical Center Program | Anesthesiology | Silver | 0403511101 |
| University of Rochester Program | Anesthesiology | No | 0403511111 |
| SUNY Health Science Center at Brooklyn Program | Anesthesiology | No | 0403521110 |
| Montefiore Medical Center/Albert Einstein College of Medicine Program | Anesthesiology | Silver | 0403521181 |
| Kettering Health Network Program | Anesthesiology | No | 0403800176 |
| University of Toledo Program | Anesthesiology | No | 0403821125 |
| Case Western Reserve University (MetroHealth) Program | Anesthesiology | No | 0403821174 |
| Robert Packer Hospital Program | Anesthesiology | No | 0404100207 |
| Tower Health Program | Anesthesiology | No | 0404100208 |
| Allegheny Health Network Medical Education Consortium (AGH/WPH) Program | Anesthesiology | No | 0404132141 |
| Brown University/Rhode Island Hospital-Lifespan Program | Anesthesiology | Silver | 0404300001 |
| Grand Strand Regional Medical Center Program | Anesthesiology | No | 0404500144 |
| Methodist Hospital (Houston) Program | Anesthesiology | No | 0404800001 |
| University of Texas Health Science Center at Tyler Program | Anesthesiology | Silver | 0404800002 |
| Baylor All Saints Medical Center Fort Worth Program | Anesthesiology | Gold | 0404800004 |

| Program | Specialty Accreditation | Signaled? | ID |
|---|---|---|---|
| University of Texas Medical Branch Hospitals Program | Anesthesiology | Gold | 0404811149 |
| Texas Tech University (Lubbock) Program | Anesthesiology | Silver | 0404811153 |
| University of Texas Southwestern Medical School Program | Anesthesiology | No | 0404821147 |
| University of Texas Health Science Center School of Medicine at San Antonio Program | Anesthesiology | No | 0404821155 |
| University of Texas Health Science Center at Houston Program | Anesthesiology | No | 0404831152 |
| West Virginia University Program | Anesthesiology | No | 0405511163 |