**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Jose Gregorio Castro Alonzo, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  5:25-cv-1482 |
| | § | |
| University of Texas Health Science Center | § | |
| at San Antonio and University of Texas | § | |
| System, | § | |
| | § | |
| *Defendants* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

TO THE HONORABLE JUDGE DAVID ALAN EZRA:

Defendant The University of Texas Health Science Center at San Antonio[1] ("Defendant" or "UTHSCSA") files this Reply in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In support thereof, Defendant would show the Court as follows:

Plaintiff has filed a Response (Dkt. 11) to UTHSCSA's Motion to Dismiss (Dkt. 10). In it, he concedes UTHSCSA is entitled to sovereign immunity as to Plaintiff's breach-of-contract, intentional infliction of emotional distress, negligence, and ADA claims. *See generally*, Dkt. 11. UTHSCSA will therefore address the claims that remain contested.

---

[1] Despite the reference to University of Texas System ("UT System") in the case caption, UT System has not been served in this lawsuit and is not a defendant. This motion is on behalf of Defendant UTHSCSA only.

1

**A.   Plaintiff's Title VII and Title VI discrimination claims remain unexhausted.**

In response to UTHSCA's assertion that Plaintiff failed to meet the requisite conditions precedent before filing suit, Plaintiff attached an unsigned, undated EEOC charge. *See* Dkt. 10. Even assuming for purposes of this argument that the charge is verified and timely filed[2], its contents do not support a claim of race or national origin discrimination, rendering such claims unexhausted.

"[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). "It is well settled that the scope of Title VII and TCHRA litigation is limited to claims that were included in the administrative charge of discrimination and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied). The allegations in the charge "must contain a sufficient factual basis to put the employer on notice of the existence and nature of the charges." *Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d 467, 475 (Tex. App.—El Paso 2013, pet. denied). Courts construe the charge liberally and "look slightly beyond its four corners, to its substance rather than its label" to determine the scope of the administrative investigation "which can reasonably be expected to grow out of the charge of discrimination." *Cuadra v. Declaration Title Co., LLC*, 682 S.W.3d 628, 635 (Tex. App.—Houston [1st Dist.] 2023) (internal citations

---

[2] UTHSCSA never received notice of the undated and unsigned Charge of Discrimination attached to Plaintiff's Response, nor did UTHSCSA receive a notice of right to sue letter issued by either the EEOC or TWC to Plaintiff.

omitted). However, courts may not construe the charge to include facts that were initially omitted. *Id.*

Here, Plaintiff's charge alleges race and national origin discrimination based on Plaintiff's Mexican heritage. *See* Dkt. 11, p. 10. To establish a claim of national origin discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered adverse employment action; and (4) he was replaced by someone outside the protected class or, in the case of disparate treatment, that others similarly situated were treated more favorably. *Abarca v. Metro. Transit Auth.,* 404 F.3d 938, 941 (5th Cir. 2005).

Under Title VI, a private litigant must prove: (1) that the defendant engaged in intentional discrimination based on race, color, or national origin; and (2) that the defendant received federal financial assistance. 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

Nowhere—either in Plaintiff's Complaint or his newly attached EEOC charge—does Plaintiff allege he was treated differently from his non-Hispanic or non-Mexican counterparts. *See generally*, Dkts. 1, 11. Despite asserting a claim of intentional discrimination in his Complaint, Plaintiff's attached charge only mentions his Mexican heritage or his Hispanic race to illustrate his belief that medical residents in those protected classes are disproportionately unrepresented at UTHSCSA. These include Plaintiff's statements that: "I expressed my disappointment in an open forum attended by several residents and attendings regarding the number of Hispanic residents admitted to the program" (Dkt. 11 p. 11) and that "[o]n April 22, 2024, I was told by Dr. Michael Newman (non-Hispanic), Attending Anesthesiologist, 'Our program should not lower its standards to admit more Hispanic residents . . . [t]op Hispanic medical students are simply choosing not to attend our program anymore.'" Dkt. 11 p. 12. Even making the broad assumption

3

that these comments were indicative of racial or national origin-based prejudice, these comments alone are insufficient to put UTHSCSA on notice of a race or national origin-based discrimination claim under either Title VII or Title VI. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000) ("In order for a[ ] [protected class-]based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that [the employee's protected class] was a determinative factor in the decision to terminate the employee."). The charge also fails to indicate that the attending physician who made the comments had any part—or authority—in making the decision to dismiss Plaintiff from the program.

Thus, with the charge as it stands, a disparate treatment or disparate impact racial discrimination claim could not reasonably be expected to grow out of the agency's investigation of the claims stated in the charge. *Lopez*, 368 S.W.3d at 701. And this omission is fatal, as Plaintiff's claims in this suit are limited to the facts as alleged in the charge. *See id.* As a result, even assuming the charge attached to Plaintiff's response was timely filed, he has not exhausted his administrative remedies as to his Title VII claim or Title VI claim and they must be dismissed.

**B. Plaintiff's due process claim under the Texas Constitution is barred by sovereign immunity.**

Plaintiff alleges UTHSCSA did not address his due process claim brought under the Texas Constitution. Dkt. 11 p.6.  While UTHSCSA may not have explicitly referenced this cause of action, this claim fails for the same reason that his tort, ADA, and breach-of-contract claims fail—UTHSCSA's entitlement to sovereign immunity. *See Smith v. Univ. of Texas at San Antonio*, No. SA-23-CV-00538-OLG, 2024 WL 4256461, at *8 (W.D. Tex. Aug. 21, 2024), *report and recommendation adopted as modified*, No. SA-23-CV-538-OLG, 2024 WL 4256444 (W.D. Tex. Sept.

18, 2024) (holding UTSA and UT System were entitled to sovereign immunity as to plaintiff's claims arising under Section 1983, the Texas Constitution, the FMLA, and the Texas Labor Code). Accordingly, this claim should be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

**PRAYER**

For the foregoing reasons, UTHSCSA respectfully requests that the Court dismiss Plaintiff's suit in its entirety and all other relief to which UTHSCSA may be justly entitled.

Dated: February 13, 2026

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief for General Litigation Division

*/s/ Sheaffer K. Fennessey*
**SHEAFFER K. FENNESSEY**
Assistant Attorney General
Texas State Bar No. 24109859
Shea.Fennessey@oag.texas.gov

Office of the Attorney General
General Litigation Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5738 | Fax: (512) 320-0667

**ATTORNEYS FOR THE UNIVERSITY OF
TEXAS HEALTH SCIENCE CENTER AT SAN
ANTONIO**

### CERTIFICATE OF SERVICE

I certify that that on February 13, 2026, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.[3]

Dolores Bojazi
BEOWULF BUILDING
1814 East Route 70, Suite 323
Cherry Hill, NJ 08003
(T) 856-652-2000
(F) 856-375-1010
Dolores.bojazi@llgnational.com
**ATTORNEY FOR PLAINTIFF**

/s/ Sheaffer K. Fennessey
**SHEAFFER K. FENNESSEY**
Assistant Attorney General

---

[3] Plaintiff filed his Response with the court *pro se*. The undersigned reached out to Plaintiff's counsel of record to determine whether Plaintiff plans to proceed *pro se* for the remainder of the suit or whether she plans to withdraw representation. The undersigned has not received a response. Therefore, as no motion to withdraw has been filed, the undersigned serves this filing electronically to all counsel of record.

6