Dolores Bojazi, Esquire
501 Cambria Avenue
Bensalem, PA 19020
215-828-3737
Dolores@Bojazilaw.com
dbesq@yahoo.com

UNITED STATES DISTRJCT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONION DIVISION

JOSE GREGORIO CASTRO ALONZO
Plaintiff

-v No,: 5-25-cv-01482-DAE

UNIVERSITY OF TEXAS
HEAL TH SCIENCE CENTER AT SAN ANTONIO
and UNIVERSITY OF TEXAS SYSTEM
Defendants

AMENDED RESPONSE TO ORDER TO SHOW CAUSE

AND NOW, Undersigned counsel, Dolores Bojazi, Esq., respectfully amends the Response to the Court's Order to Show Cause regarding the status of Counsel's representation and failure to file a Motion to Withdraw, and states the additional fact as indicated in paragraph 1 as follows:

1. **Counsel has received an email response from Larry Katz, Esquire, LLG National Law Group, regarding the assignment of this matter to attorney Renee Walker, Esquire. He further advises that counsel Walker is aware of the Motion to Dismiss currently pending.**
2. Counsel does not represent Mr. Castro Alonzo. He is under a retainer agreement with Lento Law Group/LLG National Law.
3. Counsel formally appeared on behalf of Mr. Castro for filing of the complaint while employed by the Lento Law Group/LLG National Law.
4. Mr. Alonzo has a retainer agreement with Lento Law Group/LLG National Law.

5. Mr. Alonzo's contact person in the preparation of the complaint was John Ross Ewing, Esquire.
6. Counsel was an employee of Lento Law Group/LLG National.
7. Upon filing the complaint, counsel's role within the firm was limited to the filing of the complaint while local counsel was being retained by the firm Administrator, John Groff. counsel was not responsible for ongoing litigation management or hearings. Counsel does not handle civil litigation pre-trial matters. Counsel is assigned for trial litigation only in civil matters by the Firm.
8. On October 21, 2026, counsel was on medical leave through Temple Lung Cetner, which continued through the 2025 holidays. During this period counsel was not engaged in management of this case. Counsel was advised by the Firm Administrator that the within matter had substituted local counsel.
9. On January 16, 2026, counsel departed the firm. At the time of her departure, counsel was advised that all active matters on her Responsible Attorney Matters List had been reassigned and substitute counsel would be handling all further responsibilities.
10. After counsel's departure, she no longer had access to her email or client file management system.
11. After counsel's departure, she did not have access to her PACER Account as it was entangled within the Lento Law Group/LLG. With PACER assistance via email and phone assistance, her PACER account was restored in July 2026.
12. Counsel was not notified by the firm of any issue regarding reassignment nor informed that substitute counsel had not entered an appearance.
13. Counsel is only aware of John Ewing, Esquire and Larry Katz, Esquire working on the matter locally. Counsel is not aware of the name of the intended local counsel that was to be retained.
14. Counsel has no access to the client's file to address any time frames. Counsel has not had any communication with the client.
15. Upon receiving the Court's Rule to Show Cause Order, counsel was first made aware the file had not been reassigned, nor had local counsel substituted an appearance.
16. Counsel respectfully submits that the failure to file the Motion to Withdraw was the result of reliance on the firm's representations that the matter had been reassigned, her limited

role in the initial stages of the matter and not an intentional disregard for the client, opposing counsel or the Court.

17. Counsel has reached out to Larry Katz, Esquire via email to attempt to obtain the status of the file to notify the Court. If a response is received , counsel will immediately notify the Court.
18. Counsel has sent herself an email to her prior email addresses with Lento law Group and LLG National Law Group and neither has been returned as undeliverable nor with an outgoing message indicating that counsel is no longer with the firm. Accordingly, any notices on this matter to counsel's email would have been forwarded to the Firm Administrator or Managing Attorney.
19. Counsel has reached out to the firm's administrator on the PACER issue and email issues and since her departure has not been responded via email or otherwise.
20. Counsel will file a Motion to Withdraw.
21. Counsel's response is an explanation of her actions not an excuse as to any accountability that can be assigned to her for her reliance on the firm.
22. Counsel greatly apologizes to the Court, opposing counsel and Mr. Castro for any inconvenience and affirms her commitment to ensure proper withdraw and compliance with the Court.

Respectfully Submitted:

Dolores Bojazi, Esquire

# CERTIFICATE OF SERVICE

I hereby certify that on this 13rd day September 2026, I caused the foregoing Response to Order to Show Cause to be served via the Court's CM/ECF system upon all parties of record via electronic transmission.

Dolores Bojazi, Esq.